UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH LEFEBVRE | JURY TRIAL DEMANDED |
| v. | CASE NO.  3:14 cv |
| REGIONAL ADJUSTMENT BUREAU, INC. | |

COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331 and §1367.

3. Plaintiff is a natural person and a citizen of Connecticut.

4. The Defendant Regional is licensed as a Consumer Collection Agency by the State of Connecticut, Department of Banking, and is authorized to use the trade name Regional Adjustment Bureau of Tennessee, Inc.

5. Regional has been a member of a collectors' trade organization, ACA International, since 1997.

6. ACA provides educational and training material to help members comply with the FDCPA, including such publications as FastFax 8000, on Adding Fees to Debts.

7. The defendant uses the mails in regular efforts to collect personal accounts from consumers on behalf of third parties.

8. On September 24, 2014, defendant sent a letter to plaintiff with regard to his personal Citizens Bank account which sought a deficiency balance due after the 2011 repossession of his 2006 Dodge Ram.

9.      Plaintiff's account number was visible on the face of the envelope through the glassine window.

10.     Defendant intentionally claimed that the "Principal Balance" was $2,609.92, the "Interest" was $898.25, "Fees" were $680.00, and the "Total Balance" was $4,188.17.

11.     Citizens Bank had not paid any collection costs or fees to defendant.

12.     Conn. Gen. Stat. §36a-805(12) provides, inter alia, "(a) No consumer collection agency shall . . . (12) add any charge or fee to the amount of any claim which it receives for collection or knowingly accept for collection any claim to which any charge or fee has already been added to the amount of the claim unless the consumer debtor is legally liable therefor, in which case, the collection charge or fee may not be in excess of fifteen per cent of the amount actually collected on the debt."

13.     It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Defendant bears the burden of proof that it is within the "unless" clause of §1692f(1). See, e.g., Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2400, 171 L. Ed. 2d 283 (2008) ("[T]he burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C. 1499 (1948) (internal quotation marks omitted)). Tuttle v. Equifax Check, 190 F.3d 9, 13 (2d Cir. 1999).

14.     Defendant misrepresented that interest, late charges and other charges would accrue after the date of the letter.

15.     Defendants' collection efforts violated 15 U.S.C. §1692e(2), -f(1), -(8) or –g.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such compensatory and punitive damages as are permitted by law, as well as $1,000 statutory damages under the FDCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

        THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    faulknerlawoffice@snet.net